## JENNINGS AND BROKEM v. O'BRIEN.

1. **Conveyance**: WHEN ABSOLUTE. Where a conveyance of realty was made by the father to the son for the consideration of one dollar, upon condition that the property should not be sold or disposed of during the life of the father, it was *held*, that the condition did not imply an obligation to support the father.

2. ————: CONTRACT: EQUITABLE JURISDICTION. A contract to convey land will not be enforced in a court of equity where the party asking the relief is not himself free from fault.

### *Appeal from Palo Alto District Court.*

### WEDNESDAY, DECEMBER 12.

ACTION in equity. The defendant, William O'Brien, is the son of John O'Brien, deceased. The latter conveyed to the former certain real estate in consideration of one dollar, on condition that the said real estate should not be sold, or in any manner disposed of, during the life time of the deceased.

In consideration that defendant should support him and his wife in a proper manner, the said John agreed that his "legal representatives" should convey to the said William certain other lands.

The original petition sought to have both the conveyance and contract set aside on the ground that both had been executed in consideration of defendant's agreement to support John O'Brien and his wife, which it was alleged the said William had failed and refused to do. In an amended petition it was claimed the conveyance and contract should be treated as mortgages, and that as defendant, William O'Brien, had refused to support the said John and his wife, that an account be taken, and both the deed and contract foreclosed as mortgages, and also for general relief.

The defendant admits the contract and conveyance but insists the latter was not made in consideration of any agreement to support the said John or his wife, but that the contract was founded on such consideration which the said defendant had partly performed on his part, and was prevented from

wholly performing because the said John and his wife volun-
tarily, and without any reasonable cause, left his house and
home. The defendant asks that his title to the whole property
be quieted and confirmed.

The court below found that the land described in the convey-
ance belonged to and was the property of the defendant, and
that it was not intended as a mortgage or security. Said court
also found that the defendant, William, had not supported the
said John, as had been agreed, and rendered judgment against
him for several hundred dollars because of such failure. What
disposition was made of the premises described in the contract
is not entirely clear from the decree. The defendant appeals.

*T. R. Crawford, E. B. Soper* and *Harvey & Lehmann*, for
appellant.

*T. W. Harrison* and *Geo. E. Clarke*, for appellees.

SEEVERS, J.—I. Numerous objections were made at the
hearing in the District Court to the evidence introduced by the
plaintiffs. Some, or all, of these objections are renewed here,
but they will not be considered in detail for the reason that the
trial in this court must be *de novo*, and in determining the
merits of the controversy we shall only consider such testi-
mony as is competent and relevant.

II. It is insisted the court below erred in granting the re-
lief given in the decree because the same was not warranted
under the allegations of the petition and amendment thereto.
This question is not of any practical importance. The only
question now is what decree should this court render. If the
relief granted was not warranted by the pleadings, the question
then is: Is the plaintiff entitled to any other relief, and if so
what.

III. The said John O'Brien owned the north half of section
16, township 95, range 33. He conveyed the north half of said
real estate to the defendant, William O'Brien, and
the district court found that such conveyance was
not a "mere mortgage or security, but that it was intended to
convey, and did convey, the absolute title of and to said lands

1. CONVEY-
ANCE: when
absolute.

* * * to defendant." In this finding we fully concur. The defendant is the owner of these lands free and clear of any obligation to support the said John or his wife. As this conveyance was not executed as, or intended to be, a mortgage, the plaintiffs are not entitled to any relief whatever so far as the lands described in such conveyance are concerned.

IV. The lands embraced in the contract were to be conveyed to the defendant, William O'Brien, after the death of his father, by the latter's legal representatives. In consideration of this agreement to convey, the said William agreed to support his father and mother. This contract he only partially fulfilled. The said John and his wife left the defendant's house and refused to be supported at that place by him. The object of the contract was to furnish a home for the said John and wife during their respective lives, and the fair interpretation and construction thereof, when viewed in the light of the surrounding circumstances, is that such home and comfortable support should be provided and furnished on the premises conveyed, in the house or home of the defendant, William.

2.——: contract: equitable jurisdiction.

There is great difficulty in determining whether John O'Brien and his wife had good cause to leave the house or home provided for them by their son. If he had, it by no means necessarily follows that he can recover the amount expended for the support of himself and wife of the defendant. A careful reading of the testimony, however, satisfies us that neither of these parties was wholly free from fault.

In a court of equity neither is entitled to affirmative relief from the other, except that as the defendant did not, as a matter of fact, comply with the contract, the legal representatives of John O'Brien cannot be compelled to convey the premises described in the contract to the said William, and as the same may constitute a cloud on the title it should be set aside and declared null and void.

A decree may be entered in this court at the option of either party in acordance with this opinion, or the cause may be remanded to the court below for this purpose.

MODIFIED AND AFFIRMED.